# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY SINGLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:24-cv-02332-SHM-tmp |
| ) | |
| NASHVILLE POLICE DEPTARTMENT, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a) AND DIRECTING CLERK TO CLOSE THE CASE WITHOUT ENTRY OF JUDGMENT

On May 15, 2024, Plaintiff Timothy Singleton, Tennessee Department of Correction inmate number 418773, who is incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court ordered Singleton to comply with 28 U.S.C. § 1915(a)(1)-(2) or pay the civil filing fee. (ECF No. 3.) Singleton filed a motion for leave to proceed *in forma pauperis*. (ECF No. 4.) The Court granted Singleton's motion for leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.)

Singleton sues as Defendants: (1) the Nashville Police Department, (2) the City of Nashville, (3) the Tennessee State Police,  (4) an unidentified Circuit Court Clerk, and (5) Richard B. Booker. (ECF No. 1 at PageID 1.) Singleton seeks $1,500,000 in monetary damages. (*Id*. at PageID 3.)

Singleton's complaint is difficult to comprehend. He alleges that he is of Native American ancestry and not "part of this corporation state or [its] judicial system." (*Id*. at PageID 1.) Singleton alleges that the United States is a "foreign state" and that he was not served under 28 U.S.C. §§ 1604 and 1607. (*Id*. at PageID 2.) Singleton cites provisions from the Uniform Commercial Code ("UCC") and states that he seeks to "reserve all of [his] rights" under the UCC. (*Id*.) Singleton appears to raise a claim of fraud, but he alleges no facts in support of the claim. (*Id*. at PageID 2-3.) Singleton attaches various documents to his complaint, including a copy of 28 U.S.C. § 3002, which defines terms in the Fair Debt Collection Procedures Act. (*See id*. at PageID 4-5.)

Unless a different federal law provides otherwise, the general venue statute 28 U.S.C. § 1391 governs the proper venue of any civil action brought in federal court. *See* § 1391(a)(1). The statute authorizes the commencement of a federal civil action only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b).

Singleton's complaint has no connection with the United States District Court for the Western District of Tennessee. Though Singleton does not specifically allege where the acts from which the complaint arises occurred, he sues the Nashville Police Department and the City of Nashville, among other defendants. (ECF No. 1 at PageID 1.) Nashville is in Davidson County,

Tennessee, which is part of the Nashville Division of the United States District Court for the Middle District of Tennessee.  28 U.S.C. § 123(b)(1).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Singleton's § 1983 action should have been brought in the United States District Court for the Middle District of Tennessee.

The case is hereby TRANSFERRED, pursuant to § 1406(a), to the Nashville Division of the United States District Court for the Middle District of Tennessee.

The Clerk is DIRECTED to close this case without entry of judgment.

IT IS SO ORDERED, this 10th day of July, 2024.

>*/s/ Samuel H. Mays, Jr.*
> SAMUEL H. MAYS, JR.
> UNITED STATES DISTRICT JUDGE